NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DESMAN ISAIAH MAYES, *Appellant.*

No. 1 CA-CR 18-0449
FILED 3-28-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-137183-001
The Honorable Peter A. Thompson, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Michael J. Dew Attorney at Law, Phoenix
By Michael J. Dew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge James B. Morse, Jr. and Judge Peter B. Swann joined.

---

**T H O M P S O N**, Judge:

**¶1**        This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following Desman Isaiah Mayes's (defendant's) conviction for one count of tampering with physical evidence, a class 6 felony. Defendant's counsel searched the entire record on appeal and found no arguable question of law and filed a brief requesting this court conduct an *Anders* review of the record for fundamental error. Defendant had the opportunity to file a supplemental brief *in propria persona*, but did not do so.

**¶2**        On August 13, 2017, defendant was lawfully arrested for an unrelated offense. Officers Daniel Reynolds and Jessica Foth searched defendant at the scene but did not search his shoes and socks. Officer Foth testified that during the trip to the jail, defendant seemed extremely nervous and repeatedly asked to be let go and "take care of his charges in another way." At the jail, Detention Officer Jeffrey Troy searched defendant as part of booking and two small baggies containing what appeared to be methamphetamine fell out of defendant's socks and onto the floor. Suddenly, defendant lunged down and put the baggies in his mouth. Detention Officer Troy attempted to subdue defendant, and Officer Foth and other jail employees rushed over to assist as defendant chewed on the baggies. Detention Sergeant Michelle Hatcher attempted to remove the baggies from defendant's mouth with her thumb, but defendant bit her and was able to swallow the baggies.

**¶3**        The state charged defendant with one count of aggravated assault while in custody, and one count of tampering with physical evidence. During his closing statement, defense counsel pointed out that the state had not presented evidence to prove that the baggies contained methamphetamine.[1] In his rebuttal, prosecutor stated that if defendant had

---

[1] Whether the evidence was methamphetamine or not is irrelevant to the charge of tampering with evidence and misstates the law. However,

been "completely clean when he went to the hospital he would be waving [his medical records] at [the jury]." Defense counsel objected on the grounds that prosecutor was shifting the burden and moved to strike. The judge allowed prosecutor to continue, and prosecutor went on to clarify that the state does indeed have the burden of proof and a defendant's failure to present certain evidence should not be considered by the jury. After rebuttal, the judge struck the statement "about the defendant could have produced his medical records." He also gave a curative instruction in which he instructed the jury that the state must prove guilt beyond a reasonable doubt, defendant is not required to produce any sort of evidence, and the decision to not do so is not evidence of guilt. After the jury was excused to begin deliberations, defense counsel moved for a mistrial. The judge denied the motion for a mistrial, noting that a curative instruction had already been given and prosecutor had clarified the burden in his rebuttal.

**¶4**         The jury found defendant not guilty of aggravated assault, but convicted defendant of tampering with evidence, finding that defendant had been on felony probation for less than two months at the time of the offense. The trial court found that the state proved that defendant had two prior felony convictions. Based on the aggravating factors and prior felonies, the trial court sentenced defendant to a term of 4.5 years' imprisonment with credit for 306 days of presentence incarceration.

**¶5**         We have read and considered defendant's *Anders* brief, and have searched the entire record for reversible error. *See Leon*, 104 Ariz. at 300. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory limits. Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984), defendant's counsel's obligations in this appeal are at an end. Defendant has thirty days from the date of this decision in which to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

---

prosecutor did not object to defense counsel's statements and the jury was properly instructed that comments by lawyers are not evidence.

## CONCLUSION

¶6      For the foregoing reasons, we affirm the conviction and the sentence.



AMY M. WOOD • Clerk of the Court
FILED:  AA